**ORIGINAL**

1  PEDRO MARTINEZ-CARBAJAL[1]
   A23-223-001
2  ICE El Centro Detention Center
   1115 N. Imperial Ave.
3  El Centro, CA 92243

FILED

2008 APR -9  AM 11: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| PEDRO MARTINEZ-CARBAJAL, [A23-223-001], Petitioner, v. MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ROBERT G. RILLAMAS, OFFICER-IN-CHARGE, Respondents. | Civil Action No. 08 CV 0645 WQH LSP<br><br>PETITION FOR WRIT OF HABEAS CORPUS<br><br>[28 U.S.C. § 2241] |
|---|---|

I.

**INTRODUCTION**

The Petitioner, Pedro Martinez-Carbajal, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

---

[1] The petitioner is filing this petition for a writ of habeas corpus with the assistance of James Fife and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. Mr. Rillamas is the assistant field office director and officer in charge of the detention facility holding the petitioner.

Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees (hereinafter "Respondents"). He is detained under Respondents' behest and supervision at the immigration detention facility in El Centro, California, under the control of the officer in charge.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the Petitioner is being unlawfully detained as a result of U.S. Immigration and Customs Enforcement's misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the Petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the Petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

The Petitioner is a Cuban national. He has been ordered removed by the Respondents under 8 U.S.C. § 1127(a)(2)(A)(iii) for conviction of an aggravated felony. However, Respondents have been unsuccessful for **fourteen years** in obtaining travel documents allowing petitioner to be returned to Cuba. Since Petitioner cannot be removed to his destination country or any other alternate country, he is being held by the respondents based upon a misconstrual of their statutory authority to detain indefinitely non-removable aliens under 8 U.S.C. § 1231(a)(6) and in violation of the Supreme Court's holding in Zadvydas.

The Petitioner was born in Isla de Piño, Cuba on December 13, 1962. He came to the United States in 1980 as part of the *Mariel* boatlift. He was held in a refugee camp and eventually paroled into the United States. He was ordered removed to Cuba in 1983 following conviction of an aggravated felony. As return to Cuba is not reasonably foreseeable, he was released from cutody on supervision in 1984.

The Petitioner was taken into custody on September 4, 2007, after being transferred from state prison. Petitioner has been in the continuous custody of U.S. Immigration and Customs Enforcement ("ICE") **for seven months.** ICE conducted a Post-Order Custody review and decided on **November 30, 2007,** to continue detention, claiming petitioner was a danger to the community. A subsequent review by the Headquarters Post-Order Custody Unit has not produced any decision after over seven months. ICE has been unable to obtain permission for Petitioner's repatriation over **fourteen years**, and is highly unlikely to in the reasonably foreseeable future. His current detention is in excess of the period deemed presumptively reasonable for removal by the Supreme Court in Zadvydas. Thus, petitioner remains in custody, although there is **no significant likelihood he can be removed** by ICE to his ordered destination or any alternative destination in the reasonably foreseeable future. Under Zadvydas and progeny, he must be released from custody on appropriate conditions of supervision.

### IV.

### ARGUMENT

### THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.

Federal law requires the Attorney General to remove a deportable alien from the United States within a ninety-day period after an immigration judge's order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002). During the ninety-day removal period, the alien must be detained in custody. See 8 U.S.C. § 1231(a)(2).

If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General can release the person in question under appropriate conditions of supervision, including regular appearances before an immigration officer, travel restrictions, and medical or psychiatric examinations, among other requirements. See Ma, 257 F.3d at 1104; see also 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision for deportable or removable aliens released from immigration custody at the expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible alien beyond the ninety-day removal period, however, when he determines that the person in question would "be a risk to the community or unlikely to comply with the order of removal" if released from immigration custody. 8 U.S.C. § 1231(a)(6).

However, in Zadvydas, 533 U.S. at 689, the Supreme Court held that 8 U.S.C. § 1231(a)(6) only authorizes a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 699; see also Ma, 257 F.3d at 1102 n.5 (declaring that in Zadvydas, "the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of *six months* after a final order of removal–that is, *three months* after the statutory removal period has ended"). When a deportable alien "provides *good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future*, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701 (emphasis added). Federal officials **must** release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id.; see also Clark v. Martinez, 543 U.S. 371, 379 (2005) (Zadvydas principles apply to inadmissible aliens); Ma, 257 F.3d at 1100 (concluding that federal law does not permit the Attorney General to hold someone "for more than a reasonable period" beyond the ninety-day statutory removal window, and mandates release of the

alien under 8 U.S.C. § 1231(a)(3), when the alien "has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future").

The <u>Zadvydas</u> court erected a "presumptively reasonable" six-month detention period during which the federal government should attempt to accomplish all reasonably foreseeable removals pursuant to 8 U.S.C. § 1231. <u>Zadvydas</u>, 533 U.S. at 701; <u>see also</u> <u>Martinez</u>, 543 U.S. at 386; <u>Ma</u>, 257 F.3d at 1102 n.5. However, more broadly, <u>Zadvydas</u> held that a detainee cannot be held beyond a period "reasonably necessary" to accomplish his or her removal from the United States. <u>Zadvydas</u>, 533 U.S. at 699. When that removal is no longer foreseeable, the authority to detain is lost: "Consequently, interpreting the statute to avoid a serious constitutional threat, we conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. See 1 E. Coke, <u>Institutes</u> *70b ('*Cessante ratione legis cessat ipse lex*') (the rationale of a legal rule no longer being applicable, the rule itself no longer applies)." <u>Id.</u>

The Petitioner has been detained in the custody of Respondents since September 2007, almost **7 months**, and was ordered deported over **fourteen years ago**, in July 1983. Set against ICE's groundless assertions is the concrete fact of petitioner's prolonged detention, now well beyond the reasonable detention period established in <u>Zadvydas</u> and <u>Martinez</u>. Accordingly, release is mandated.

There is no likelihood that Petitioner's destination country, or any reasonable alternative destination, will grant repatriation in the reasonably foreseeable future. <u>See</u> <u>Zadvydas</u>, 533 U.S. at 700; <u>see also</u> <u>Ma</u>, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future"). Therefore, the Petitioner **must** be released under the conditions set out in §1231(a)(3). <u>See</u> <u>Zadvydas</u>, 533 U.S. at 700-01.

///

## V.

## REQUESTED RELIEF

The petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

## VI.

## VERIFICATION

I, Pedro Martinez-Carbajal, hereby verify under penalty of perjury that the facts contained in the instant Petition are true and correct.

Respectfully submitted,

Dated: 4-2-08

PEDRO MARTINEZ-CARBAJAL
Petitioner

**ORIGINAL**

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
ICE EL CENTRO DETENTION CENTER
1115 N IMPERIAL AVE, EL CENTRO, CA 92243

(b) County of Residence of First Listed Plaintiff   IMPERIAL COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

Pedro Carbajal Martinez

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO SE

**'08 CV 0645 WQH LSP**

### DEFENDANTS
2008 APR -9 AM 11:34
MICHAEL CHERTOFF, ET AL.
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

County of Residence of First Listed Defendant   SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY) DEPUTY
BY
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)   (619) 557-5662
KAREN P. HEWITT, U.S. ATTY
ATTN:  CIVIL PROCESS CLERK
880 FRONT STREET, SAN DIEGO, CA 92101

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | ☐ 871 IRS— Third Party 26 USC 7609 |
| | | | | ☐ 890 Other Statutory Actions |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2241

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  4/3/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

