1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PEDRO MARTINEZ-CARBAJAL,   )     No. 08cv0645-WQH (LSP)
                      )     A23 223 001
           Petitioner,  )
                      )
      v.                 )     **EXHIBITS**
                      )
MICHAEL CHERTOFF, Secretary  )
of Homeland Security, et al.,     )
                      )
         Respondents.  )

Criminal History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-6

Abstract of Judgment re 10/17/06 conviction for Lewd Act upon a Child. . . . . . 7

Probation Officer's Report in
    People of the State of California v. Carbajal-Martinez,
    Case No. MCYKCRF 060001992002. . . . . . . . . . . . . . . . . . . . . . . . . . . 8-14

Detainer (Form I-247) dated 12/28/06 from ICE to High Desert State Prison. . . . 15

Letter dated 4/20/07 from ICE to Petitioner Martinez-Carbajal. . . . . . . . . . . . . . 16

Warrant for Arrest of Alien (Form I-200) dated 9/4/07. . . . . . . . . . . . . . . . . . . . 17

9/10/07 Custody Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-22

Letter from Martinez-Carbajal's attorney to ICE (sans attachments). . . . . . . . 23-27

11/26/07 Custody Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28-38

2/28/08 Final Administrative Removal Order. . . . . . . . . . . . . . . . . . . . . . . . . 39-42

Printout from Deportable Alien Control System (DACS). . . . . . . . . . . . . . . . . . 43

```
Printed for: INS1/ICEDGG                    Tue Aug 08 14:24:47 2006
┌─────────────────────────────────────────────────────────────────────────┐
│ Message from LEDS                                                         │
│ 08/08/2006 14:23                                                          │
│                                                                           │
└─────────────────────────────────────────────────────────────────────────┘

┌─────────────────────────────────────────────────────────────────────────┐
│RM200000000.REUR  0000  NLETS                                              │
│ORINSMFS0                                                                  │
│CTL/INM3OR0000                                                             │
│ATN/                                                                       │
│                                                                           │
│CR.ORIII0000                                                               │
│14:23 08/08/2006 28764                                                     │
│14:23 08/08/2006 05698 ORINSMFS0                                           │
│*INM3OR0000                                                                │
│TXT                                                                        │
│HDR/2L01LDB-0INM3OR0000                                                    │
│ATN/DAN G                                                                  │
│PART 1                                                                     │
│OREGON CCH RECORD FOR SID/07522493                                         │
│* CONVICTED FELON *                                                        │
│* MULTI-SOURCE OFFENDER-MAKE NCIC-III INQUIRY FOR NON-OREGON RECORDS *     │
│SID/OR07522493 FBI/107808EA3                                               │
│NAM/MARTINEZCARBAJAL,PEDRO    DOB/1962/12/13  SEX/M  RAC/W  POB/CC         │
│  HGT/502  WGT/165  HAIR/BLACK  EYE/BROWN  FPC/POPO13PO09DI1718CI10        │
│* ADDITIONAL IDENTIFIERS *                                                 │
│SMT/TAT CHEST/TAT L HND/TAT NECK/TAT R HND/TAT R SHLD/TAT UL ARM           │
│DOB/1963/12/13                                                             │
│SOC/531966211                                                              │
│AKA/MARTINEZ,PEDRO CARRJAL/MARTINEZ-CARBAJAL,PEDRO/GARZA,PEDRO             │
│AKA/MARTINEZ,PEDRO CARBAJAL/MARTINEZ,PEDRO/RUDI,MORENO                     │
│ARREST #07 2004/11/30-A  OR0180000-S0 KLAMATH FALLS COUNTY    FPN/73904228 │
│  NAME USED/MARTINEZ-CARBAJAL,PEDRO    LAN/26111                           │
│  01 ORS 162.205 FAIL TO APPEAR 1ST DEG-UUMV                              │
│ARREST #06 2004/11/30    OR0200200-PD EUGENE              FPN/41217538     │
│  NAME USED/MARTINEZ,PEDRO                                                 │
│  01 ORS 164.135 UNAUTHORIZED USE MOTOR VEHICL                            │
│ARREST #05 2002/01/11    OR0180000-S0 KLAMATH FALLS COUNTY   FPN/62618481 │
│  NAME USED/MARTINEZ-CARBAJAL,PEDRO    LAN/26111                           │
│  01 ORS 164.135 UNAUTHORIZED USE MOTOR VEHICL                            │
│ COURT                                                                     │
│  01 2005/01/04 OR018015J-CIR CRT KLAMATH FALLS        CONVICTED-FELONY    │
│     ORS 164.135 UNAUTHORIZED USE MOTOR VEHICL                            │
│     $1000-FINE  20D JAIL  24M PROB   DOCKET #/0200125CR                   │
│ARREST #04 2001/09/14    OR0180000-S0 KLAMATH FALLS COUNTY   FPN/62596724 │
│  NAME USED/MARTINEZ-CARBAJAL,PEDRO   LAN/26111                            │
│  01 ORS 164.255 CRIMINAL TRESPASS 1ST DEG                                │
│ COURT                                                                     │
│ *01 2001/09/17 OR018015J-CIR CRT KLAMATH FALLS      CONVICTED-MISDEMEANOR │
│     ORS 164.255 CRIMINAL TRESPASS 1ST DEG                                │
│     $124-FINE  12D JAIL  6M PROB   DOCKET #/0102650CR                     │
│     PROVISION/FINE SUSP                                                   │
│ARREST #03 1995/08/05    OR0180100-PD KLAMATH FALLS       FPN/20298992     │
│  NAME USED/MARTINEZ-CARBAJAL,PEDRO    LAN/26111                           │
│  01 ORS 133.805 FUGITIVE-FROM UTAH                                       │
│ARREST #02 1989/09/07    OR0200200-PD EUGENE              FPN/11040921     │
│  NAME USED/MARTINEZ,PEDRO CARRJAL    LAN/723494                           │
│  01 ORS 133.075 FAIL TO APPEAR-CRIM CITATION                             │
│  02 ORS 162.195 FAIL TO APPEAR 2ND DEG-CRIM TRESPSSS II                  │
│ARREST #01 1988/01/28    OR0180100-PD KLAMATH FALLS       FPN/10292120     │
│  NAME USED/MARTINEZCARBAJAL,PEDRO    LAN/26111                            │
│  01 ORS 164.245 CRIMINAL TRESPASS 2ND DEG                                │
└─────────────────────────────────────────────────────────────────────────┘
```

Printed for: INS1/ICEDGG                    Tue Aug 08 14:24:47 2006

```
 COURT
  01 1988/01/29 OR018013J-DIS CRT KLAMATH FALLS          CONVICTED
      ORS 164.245 CRIMINAL TRESPASS 2ND DEG-6M BENCH PROB
      2D JAIL  DOCKET #/88148BMD
ENTERED 1988/02/05  LAST UPDATED 2005/04/02
*** END OF RECORD ***
```

2

Message from LEDS
08/08/2006 14:23

---

RM200000000.REUR   0000   NLETS
ORINSMFS0
CTL/INM3OR0000
ATN/

CR.CAIII0000
14:23 08/08/2006 25667
14:23 08/08/2006 05699 ORINSMFS0
*INM3OR0000
TXT
HDR/2L01LDB-0INM3OR0000
ATN/DAN G

THE FOLLOWING RECORD PERTAINS TO FBI/107808EA3
                              SID/CA07966314

RESTRICTED - DO NOT USE FOR EMPLOYMENT, LICENSING, PLACEMENT OR
              CERTIFICATION PURPOSES

*******************************************************************
FOR CALIFORNIA AGENCIES ONLY - HAS PREVIOUS QUALIFYING
OFFENSE. COLLECT DNA IF INCARCERATED, CONFINED, OR ON
PROBATION OR PAROLE FOLLOWING ANY MISDEMEANOR OR FELONY
CONVICTION. REQUEST KITS AND INFO AT (510) 620-3300 OR
PC296.PC296@DOJ.CA.GOV.
*******************************************************************
** PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE
E-MAIL PALM.PRINT@DOJ.CA.GOV
** III MULTIPLE SOURCE
CII/A07966314
DOB/19620903     SEX/M  RAC/HISPANIC
HGT/505  WGT/185  EYE/BRO  HAI/BRO  POB/CC
NAM/01 MARTINEZ,PEDRO CARBAJAL
    02 MORENO,RUDI
    03 MORENO,RUDOLFO
    04 GONZALES,RUDOLFO
    05 CARABAJAL,RUDOLFO
    06 MORENO,RUDY JR
    07 MARTINEZ,MARIO
    08 MONROE,MARIO MARTINEZ
    09 GARZA,PEDRO
    10 CARBAGAR,PEDRO MARTINEZ
    11 GONZALES,RUDOLFO MORENO
    12 GONZALES,WILLIAM LAGES
    13 MARTINEZ,PEDRO CARABAJAL
    14 CARBAJAL,PEDRO MARTINEZ
    15 TORRES,CARLOS GONZALES
    16 MARTINEZ,JULIO CEASAR
    17 GARBAJAL,PADRO M
    18 ORIENDO,JULIO GONZALEZ
    19 ORIENDO,JULIO G
    20 MARTINEZ,JULIO C
    21 TORRES,CARLOS G
    22 CARBAJAL,PEDRO M
    23 MARTINEZ,PEDRO C
    24 GONZALES,WILLIAM L

---

*3*

```
    25 GONZALES,RUDOLFO
    26 CARBAGAR,PEDRO M
FPC HENRY
O 29 - OIO   9
I 18 U OOI 10
MNU/FBI-107808EA3
     DOB-19621213   19621203   19651213   19620119   19631127   19611213
          19631212   19631216
     SOC-553472103   443057720   531966211   531926212
     INN-CDC-D057614
PAROLE:CDC/D57614                    CAPAKERN CO
****
19850628   CASOSAN BERNARDINO
           702657
       01:11351 HS-POSSESS NARCOTIC CONTRL SUB FOR/SALE
       02:12021 PC-FELON/ADDICT/ETC POSSESS FIREARM
19850628   CASOSAN BERNARDINO
           702657A
       01:587B PC-TRESPASSING ON RAILROAD TRAIN
19851118   CASCSAN BERNARDINO
           SCR42916
       01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
          DISPO:PROC SUSP/DRUG DIVERSION 1000 PC
       02:12025(B) PC-CARRY CONCEALED WEAPON ON PERSON
          *DISPO:CONVICTED-PROB/JAIL
          CONV STATUS:MISDEMEANOR
          SEN: 024 MONTHS PROBATION , 144 DAYS JAIL
19860501   CASCSAN BERNARDINO
           SCR42916
       01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
          DISPO:DIVERSION TERM/CRIM PROCEEDINGS REINSTAT
19870624   CASCSAN BERNARDINO
           SCR42916
       01:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
          *DISPO:CONVICTED COMMITTED TO PRISON
          CONV STATUS:FELONY
          SEN: 016 MONTHS PRISON
****
19860115   CASOBAKERSFIELD
           262287
       01:245(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY
19860207   CASCBAKERSFIELD
           344742B
       01:245(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY
          *DISPO:CONVICTED-PROB/JAIL
          CONV STATUS:MISDEMEANOR
       02:148 PC-OBSTRUCTS/RESISTS PUBLIC OFFICER
          *DISPO:CONVICTED-PROB/JAIL
          CONV STATUS:MISDEMEANOR
          SEN: 036 MONTHS PROBATION , 030 DAYS JAIL
****
19860328   CASOBAKERSFIELD
           262287
       01:488 PC-PETTY THEFT
19860729   CASCBAKERSFIELD
           348161
       01:484 PC-THEFT
          *DISPO:CONVICTED-JAIL
          CONV STATUS:MISDEMEANOR
          SEN: 180 DAYS JAIL
```

*4*

```
****
 19860412   CASOBAKERSFIELD
            262287
        01:487.1 PC-GRAND THEFT:PROPERTY
 19860416   CASCBAKERSFIELD
            348768
        01:487.1 PC-GRAND THEFT:PROPERTY
          *DISPO:CONVICTED-PROB/JAIL
           CONV STATUS:MISDEMEANOR
           SEN: 036 MONTHS PROBATION , 030 DAYS JAIL ,
                   IMP SEN SS
****
 19860723   CASOBAKERSFIELD
            262287
        01:488 PC-PETTY THEFT
 19860729   CASCBAKERSFIELD
            354318
        01:484 PC-THEFT
          *DISPO:CONVICTED-JAIL
           CONV STATUS:MISDEMEANOR
           SEN: 180 DAYS JAIL , 001 DAYS JAIL SS ,
                   CONSECUTIVE
****
 19860830   CASOBAKERSFIELD
            262287
        01:459 PC-BURGLARY
 19860904   CASCBAKERSFIELD
            356255
        01:459 PC-BURGLARY
          *DISPO:CONVICTED-PROB/FINE
           CONV STATUS:MISDEMEANOR
           SEN: 036 MONTHS PROBATION
****
 19860911   CASOSTOCKTON
            86-18931
        01:587B PC-TRESPASSING ON RAILROAD TRAIN
****
 19870405   CASOBAKERSFIELD
            262287
        01:WARRANT
           PROBATION REV
           459 PC-BURGLARY
        02:459 PC-BURGLARY
        03:WARRANT
           4532(A) PC-ESCAPE JAIL/ETC W/MISD:FORCE/VIOL
 19870408   CASCBAKERSFIELD
            366715
        01:459 PC-BURGLARY
          *DISPO:CONVICTED-PROB/JAIL
           CONV STATUS:MISDEMEANOR
           SEN: 036 MONTHS PROBATION , 045 DAYS JAIL ,
                   IMP SEN SS
 19870518   CASCKERN
            33780
        01:4532(A) PC-ESCAPE JAIL/ETC W/MISD:FORCE/VIOL
          *DISPO:CONVICTED COMMITTED TO PRISON
           CONV STATUS:FELONY
           SEN: 366 DAYS PRISON ,   CONCURRENT
****
 19870528   CASDCORR CHINO
```

5

```
             D057614
        01:4532(A) PC-ESCAPE JAIL/ETC W/MISD:FORCE/VIOL
 19870702   CASDCORR CHINO
             D57614
        01:MIN/COURT ORDER RETURNEE
        02:11350(A) HS-POSSESS NARC CONTROL SUBSTANCE
 19871207   DISPO:PAROLED FROM CDC
 ****
 19870618   CASOSAN BERNARDINO
             8706301547
        01:12025(B) PC-CARRY CONCEALED WEAPON ON PERSON
 ****
 19880221   CASOBAKERSFIELD
             262287
        01:488 PC-PETTY THEFT
 ****
 19900508   CAPDROSEVILLE          DOB:19621213
             36,767
        01:459 PC-BURGLARY
 ****
 19900522   CASDCORRECTIONS
             D57614
        01:VIOLATION OF PAROLE
             TO FINISH TERM
 19901216   DISPO:PAROLED FROM CDC
 ****
 19960709   CASOSACRAMENTO         DOB:19621213
             S000235409
        01:1551(A) PC-FUGITIVE FROM JUSTICE:WARR ARREST
 ****
 20040412   CASOYREKA              DOB:19631212
             04-0014675-7818
        01:369I PC-TRESPASS:RAILROAD PROPERTY
        02:148.9(A) PC-FALSE ID TO SPECIFIC PEACE OFICERS
 ****
 20060224   CACJAUBURN             DOB:19631216
             0602145-P00163488
        01:114 PC-USE FALSE CITIZENSHIP/ETC DOCUMENTS
        02:148.9(A) PC-FALSE ID TO SPECIFIC PEACE OFICERS
 ****
 20060421   CAPDROSEVILLE          DOB:19631216
             66574-P00163488
        01:WARRANT
             288(C)(1) PC-L&L ACTS W/CHILD:AGE SPECIFIC
 ***************************************************
WANTS NOT CHECKED - PLEASE CHECK NCIC WANTS
 ***************************************************

END OF RECORD
```

*6*

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **SISKIYOU**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SISKIYOU

NOV 1 7 2006

*Linda Nelson*

BY:_____
DEPUTY CLERK

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: MARTINEZ, PEDRO CARBAJAL
AKA:
CII#: 07966314
BOOKING #: 06-22845

DOB: 12-13-63

☐ NOT PRESENT

CASE NUMBER
04-1992

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

☐ AMENDED
ABSTRACT

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 11-14-06 | 1 | ROBERT F. KASTER |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|
| LINDA NELSON | CARIN BELL | ROB SHELTON |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | |
|---|---|---|
| GREGORY WESTON | LARRY ARKFELD | ☒ APPTD. |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DATE/YEAR) | CONVICTED BY JURY | CONVICTED BY COURT | CONVICTED BY PLEA | TERM (L-M-U) | TIME IMPOSED YRS. | TIME IMPOSED MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC | 288( c)(1) | LEWD ACT UPON A CHILD | 2004 | 10-17-06 | | | X | M | | 02 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

Restitution Fine(s): $400.00 per PC 1202.4(b) forthwith; $400.00 per PC 1202.45 suspended unless parole is revoked.

Restitution per PC 1202.4(f): ☐ $_____ / ☐ Amount to be determined to ☐ victim(s)* ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 7 below.)

Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

Lab Fee: $_____ per HS 11372.5(a) for counts _____. ☐ Drug Program Fee of $150 per HS 11372.7(a).

6. TESTING: a. ☒ AIDS pursuant to PC 1202.1 b. ☒ DNA pursuant to PC 296 c. ☐ other (*specify*):

7. Other orders (*specify*): PAY $20.00 COURT SECURITY FEE PUR PC 1465.8(a)
REGISTER AS SEX OFFENDER PUR PC 290(a)(1)
NO VISITATION WITH VICTIM PUR PC 1202.5

8. TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 02

9. ☐ This sentence is to run concurrent with (*specify*):

10. Execution of sentence imposed.
   a. ☒ at initial sentencing hearing.
   b. ☒ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other (*specify*):

11.

| DATE SENTENCE PRONOUNCED | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: INCLUDING: | ACTUAL LOCAL TIME 103 | LOCAL CONDUCT CREDITS 4010 | STATE INSTITUTIONS | CRC |
|---|---|---|---|---|---|---|
| 11-14-06 | 153 | | | | | |

I HEREBY CERTIFY THIS IS A TRUE AND CORRECT COPY OF THE DOCUMENT(S) ON FILE WITH THIS OFFICE. CALIFORNIA DEPT. OF CORRECTIONS.

12. The defendant is remanded to the custody of the sheriff ☐ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☒ the reception center designated by the director of the California Department of Corrections.
☐ other (*specify*):

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| *Linda Nelson* | 11-17-06 |

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR-290.1 [Rev. January 1, 2003]

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code,
§§ 1170.1213, 1213.5



ADELE ARNOLD, Chief Probation Officer
Siskiyou County Probation Department
805 Juvenile Lane, Yreka, CA 96097
(530) 841-4155

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SISKIYOU

NOV 1 4 2006

BY: _____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SISKIYOU, CRIMINAL DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA) | Court No:   MCYKCRF 060001992002 |
| Plaintiff, ) | Court Date: NOVEMBER 14, 2006 |
| vs. ) | Time:      9:00 AM |
| PEDRO CARBAJAL MARTINEZ, ) | By: JENNIFER C VILLANI |
| Defendant. ) | DEPUTY PROBATION OFFICER |

OFFENSE:

Count 1:    288(c)(1) of the California Penal Code, Lewd Act Upon a Child, a felony

ENHANCEMENTS:  None

CUSTODY STATUS:  The defendant is in custody in the Siskiyou County Jail

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY
OF COURT CERTIFIED DOCUMENT(S) ON FILE WITH
THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER

RECEIVED
SUPERIOR COURT

NOV - 3 2006

YREKA

DATE OF OFFENSE:  September 25, 2004

LEGAL COUNSEL:  Larry Arkfeld

ARREST/INCARCERATION:  Attached

CONDITIONS OF PLEA:  Felony local probation and sentenced to one year in the county jail.
Count II will be dismissed.

This instrument is a correct copy of the
original on file in this office.
ATTEST: 11/17/06
LARRY D. GOBELMAN
Clerk of the Superior Court of the State of
California in and for the County of Siskiyou.
By _____
Deputy

DATE OF BIRTH: December 13, 1963        AGE: 42

ADDRESS: None

MARITAL STATUS: Separated

CHILDREN: Two; a fifteen-year-old daughter and a five-year-old son

EMPLOYMENT: None

EMPLOYER: None

EDUCATION: Fourth grade in Cuba

MILITARY: None

HEALTH: The defendant complains of high blood pressure.

PSYCHIATRIC or MENTAL HEALTH REPORT: None

SUBSTANCE USE: The defendant reported he does not drink. However, he enjoys smoking marijuana, and it was a daily habit prior to his arrest. The defendant has used methamphetamine on one occasion. He admitted to selling heroin in the eighties while in California, which resulted in a prison commitment. The defendant denied use of any other illicit drugs, however, he admitted he likes to get high on inhalants.

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF COURT CERTIFIED DOCUMENT(S) ON FILE WITH THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER

COMPLAINT/INFORMATION: Filed on October 22, 2004:

Count 1:    288(c)(1) PC   Lewd Act Upon a Child, felony (guilty plea)

Count 2:    245(a)(1) PC   Assault with a Deadly Weapon and by Means of Force Likely to Produce Great Bodily Injury, felony (dismissed)

<u>FACTS OF OFFENSE</u>: According to Yreka Police Department Case No. 04-1650, on September 25, 2006, at approximately 1815 hours, Officer Lester received a call for a possible rape at the Heritage Motel in Yreka. Upon arrival, he met with the victim and her mother, Laura Miller. Lester asked the victim to tell him what happened. The victim reported that she and her mother had been staying in Room 120, but they didn't have any more money to pay for an additional night, so they went to stay in Room 116 with their friend Pedro Martinez, the defendant. She further indicated that at approximately 1630, she fell asleep on the bed, and was asleep for about an hour and a half. The victim claimed she was awakened by the feeling of her shorts being pulled up. When she became fully awake, she became aware of the defendant, and a moist ooze, which she called "cum," on her inner thigh. The defendant indicated the defendant spontaneously exclaimed, "I didn't do nothing, I didn't do nothing." She reported she got up and yelled at the defendant, "You're the sickest motherfucker I know."

The victim left the room and found her mother outside. She explained to her mother and Larry Watkins what happened. When Watkins attempted to speak with the defendant he pulled a long screwdriver, attempted to stab Watkins with it, and then ran off. Additional Yreka Police Department Officers attempted to locate the defendant, but were not successful.

Lester asked the victim if she thought he had penetrated her, and she did not think he had, as she would have woken up sooner. She further reported there was not anyone else in the room when this occurred. Lester inquired if she was interested in speaking with rape crisis counselor, and she indicated she was already in counseling, and would talk to her counselor the next time she saw her.

<u>RESTITUTION</u>: It is respectfully recommended the Court reserve jurisdiction regarding restitution.

<u>DEFENDANT'S STATEMENT</u>: In a written statement the defendant wrote:

Regarding his current offense:

"I am Feell bad I I Feel Remorse For What hapen and I no I don't sopose to do what I did and I ask to Lord for forgiven. This was a mistake I never comet it again. I promise my self to do the best I can to now do this. I would like is I get probation to attend class terapy for my self. I am sorry."

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF COURT CERTIFIED DOCUMENT(S) ON FILE WITH THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER

3

 10

The defendant's plans if granted probation:

"I want to work I have a place I can rent in reddin or in Donwsmire I promiss to do good and don't get my self in trouble. Ps. I have job a soon I get out."

The Court is also respectfully referred to the attached letter from the defendant.

During an interview with the defendant, he did reiterate that he was wrong, but also seemed to put blame on the victim, and minimize the seriousness of what he did. Specifically, he reported that he came out the shower, and the victim was asleep on his bed with just her underwear on. The defendant explained the victim talked about her sexuality, and she was usually very friendly with him. He admitted that he smoked marijuana with the victim numerous times, and even gave her some of her own to smoke with her friends. In fact, he, the victim and her mother smoked a lot of marijuana prior to the offense. The defendant was asked why he felt it was appropriate for him to supply the victim with marijuana, and he responded by saying that the victim's mother did not have a problem with it.

With regards to his sentence, he feels that he should be granted probation, and if he makes one mistake, he will go to prison. The defendant divulged that if he went to prison, he would probably have to kill someone. He was a member of the Cubal Killers, and in prison, he would affiliate with the Surenos. However, going to prison as a Hispanic sex offender would call for a hit on him from his gang, and he claimed he would have to protect himself, possibly resulting in someone being killed.


CO-DEFENDANT: None

STATUS:          N/A


PRIOR CRIMINAL CONDUCT:          Attached

FACTORS in MITIGATION:          Attached

FACTORS in AGGRAVATION:          Attached

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF COURT CERTIFIED DOCUMENT(S) ON FILE WITH THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER

4

*11*

CRITERIA AFFECTING PROBATION: Attached

PRISON TERM ANALYSIS:

    OFFENSE                  BASE TERM

    288(c)(1) PC           1, 2 or 3 Years

SUGGESTED PRISON TERM: After a review of Judicial Rule 4.421, four aggravating factors were established:

    (a)(11) The defendant took advantage of a position of trust;

    (b)(2) The defendant's prior convictions as an adult are numerous

    (b)(3) The defendant has served a prior prison term

    (b)(5) The defendant's prior performances on probation and parole have not been successful.

    Under Judicial Rule 4.423, there are not any mitigating factors that would apply to the defendant or his offense. Aggravation greatly outweighs mitigation. Therefore, if the defendant is sentenced to state prison, it would be recommended he be committed to the upper term of three years.

SOCIAL HISTORY: Pedro Carbajal Martinez, age forty-two, was born in Cuba. The defendant's parents, David Martinez and Rosa Carbajal, were divorced when he was five years old. After the divorce, he and his eight siblings were split up between his parents, and the defendant went to live with his father. He reported his father was an abusive alcoholic, which made his childhood difficult. In 1980, the defendant came to America. However, all of the defendant's family still resides in Cuba, and he has not had any contact for over twenty years.

    After his arrival in America, the defendant lived in Colorado for a short period of time, but was then placed in a Georgia Federal Prison for four years. This was a result of an immigration issue. After his release, he transferred to Seattle, Washington, where he stayed for six months. In 1984, the defendant came to California. However, in 1986, he moved to Klamath Falls, Oregon, where he met his first wife, Melissa. They were married in 1991 and divorced in 1992. Shortly after their marriage, the two moved to California.

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF COURT CERTIFIED DOCUMENT(S) ON FILE WITH THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER

12

sentenced to one to fifteen years in prison for theft by deception. The defendant and his wife had one daughter together, but his contact is minimal.

After Utah, the defendant moved back to California, and then Oregon again. In 2001, the defendant married his current wife, Rebecca Fitak. They had one son together, but the defendant has not had contact with him in four years. His wife was abusing methamphetamine, and lost custody of their son to her mother. The defendant and his wife are currently separated. Prior to his arrest, the defendant was living in Roseville, California.

CASE PLAN: Before the Court is 42-year-old Pedro Martinez, who has pled guilty to committing a lewd act on a minor. This plea is conditioned upon a grant of formal probation with one year in jail. This officer cannot concur with this plea, and will not be recommending a grant of probation. Based simply on the offense, probation may be appropriate. However, this crime coupled with the defendant's history justifies a prison commitment. He has two prior prison commitments, and has sustained several other convictions. Among these convictions was an escape and an assault that involved human feces. The defendant had been absconded for nearly two years after the offense occurred, and his prior performances on probation and parole have not been satisfactory. He also admitted to having some gang affiliation, and harbored a fugitive. This type of behavior does not bode well for success while on probation. Lastly, the defendant does not know where he will live if released from jail. By his own statements, he created uncertainty in where his future residence will be or what type of employment he will have; claiming several options for employment and residency. However, none of them seem reliable or secure.

This officer simply is not of the opinion the defendant is a suitable candidate for probation, nor will he be successful if given the opportunity. Realistically, the defendant may not know how to abstain from criminal activity; as his past exhibits. There may be times when one's past does not have significant bearing on a sentence. However, the defendant's past cannot be overlooked or ignored. Therefore, it is respectfully recommended the Court impose the upper term of three years.

///

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF COURT CERTIFIED DOCUMENT(S) ON FILE WITH THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER

13

<u>RECOMMENDATION</u>:   It is recommended the Court adopt the following recommendation:

In the matter of Pedro Carbajal Martinez, probation is denied and he is hereby committed to the California Department of Corrections and Rehabilitation for the Upper Term of 3 Years for violation of Section 288(c)(1) of the California Penal Code.

Incarceration will be followed by 3 years parole pursuant to Section 3000(b) (1) of the Penal Code.

Defendant shall pay a restitution fine in the amount of $600.00 pursuant to Section 1202.4(b)(2) PC and an additional restitution fine in the same amount pursuant to Section 1202.45 PC, which is hereby suspended unless the defendant's parole is revoked.

1.  The Court reserves jurisdiction concerning restitution.

2.  You are ordered to provide buccal swab samples, right thumbprints, and a full palm print impression of each hand, and any blood specimens or other biological samples for law enforcement analysis pursuant to Penal Code section 296(a).  You will be included in the State's DNA and Forensic Identification Data Base and Data Bank Program.

3.  Reimburse the Siskiyou County Probation Department in the sum if $340.00 for the cost of the preparation of the presentence report.

4.  Pay a $20.00 Court Security Fee for each conviction for a total of $20.00.

5.  Pay a $148.00 Booking Fee.

6.  Reimburse appointed counsel fees in the amount of $_____.

Date:  November 2, 2006

Respectfully Submitted,

*Jennifer C Villani*

Jennifer C Villani
Deputy Probation Officer

Approved:
SPO
SPO
ACPO
CPO

cc:    District Attorney
       Larry Arkfeld

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF COURT CERTIFIED DOCUMENT(S) ON FILE WITH THE CALIFORNIA DEPARTMENT OF CORRECTIONS.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT OFFICER

7

*14*

U.S. Department of Homeland Security

Immigration and Customs Enforcement (ICE)

# Detain for Immigration – Notice of Action

| File #: A23 223 001 |
| Date: 12/28/2006 |

**FBI#**   107808EA3

**SID#**   CA07966314 / OR07522493                              **USMS#**

| To: (Name of Institution)<br>HIGH DESERT STATE PRISON<br>P.O. BOX 750<br>SUSANVILLE, CA 96127<br>530-251-5100 EXT:5576<br>530-251-5002 (FAX)<br>ATTN: RECORDS DEPARTMENT | From: (ICE Office Address)<br>**U.S. Department of Homeland Security**<br>**Immigration & Customs Enforcement (ICE)**<br>3715 International Way<br>Medford, OR 97504<br>(541) 776-3660<br>(541) 776-3650 Fax |

Name of Alien:   MARTINEZ-CARBAJAL, PEDRO      **AKA:**

Date of Birth:   12/13/1962      Nationality:   CUBA      Sex:   MALE

**You are advised that the action noted below has been taken by the Immigration and Customs
Enforcement (ICE) concerning the above named inmate at your facility:**

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on
_____
         (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
                                                                                                                  (Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

☒ Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision
affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays,
Sundays and Federal holidays) to provide adequate time for ICE to assume custody of the alien. You may notify ICE by calling
_____ during business hours or, _____ after hours in an emergency.

☒ **"NOTIFY THIS OFFICE IMMEDIATELY WHEN SUBJECT IS MOVED OR BECOMES AN
EXCLUSIVE I.C.E. PRISONER. I.C.E. WILL NOT TAKE CUSTODY OR INCUR JAIL COSTS
UNTIL NOTIFIED BY TELEX THAT SUBJECT IS OURS."**

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____

_____                     MICHAEL J. HADDOCK, IEA  (FOR AGENT
         (Signature of ICE official)                            NORTHWAY)

                                                              (Name and Title of ICE official)

**Receipt acknowledged:**
Date of latest conviction: _____ .  Latest conviction charge: _____
Estimated release date: _____ .
Signature and title of official: _____

                                                              Form I-247 (Rev. 4-1-97)N

*15*



*of Detention and Removal Operations*

U.S. Department of Homeland Security
650 Capitol Mall, Room 1-120
Sacramento, CA 95814

U.S. Immigration
and Customs
Enforcement

April 20, 2007

Pedro Martinez Carbajal   CDC# F-48986
P.O. Box 2289
Blythe, CA  92226

A23 223 001

Dear Mr. Martinez:

This letter is in response to your correspondence regarding an Immigration Detanier being dropped in your case.   A review of your records shows you were ordered excluded and deported from the United States on July 19, 1983.   Since that time, you have engaged in a pattern of behavior that is of concern.   Due to this behavior, your case will be reviewed by the Detention and Removal Office within your jurisdiction upon your release from prison.

Sincerely,

Erik Bonnar
Assistant Field Office Director

cc: file

*16*

U.S. Department of Homeland Security                                          **Warrant for Arrest of Alien**

---

                                                              File No. A023 223 001
                                                              Event No: ECC0708000201
                           FINS #:                            Date: September 4, 2007

**To any officer delegated authority pursuant to Section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:
Pedro MARTINEZ-CARBAJAL

_____ *Keylloot Dr2U*_____
                        (Full name of alien)        MIAMI, FLORIDA

an alien who entered the United States at or near _____ on
                                                          (Port)

~~August 21, 1984~~ *June 4, 1980 approx*
_____ is within the country in violation of the immigration laws and is
        (Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_____
                (Signature of Designated Immigration Officer)
                        JOEL MATA JR
_____
                (Print name of Designated Immigration Officer)
                SUPERVISORY DET. AND DEP. OFFICER
_____
                                        (Title)

---

                        **Certificate of Service**

Served by me at ___CALIPATRIA STATE PRISON, CA, CAP___ on __9/4/07__ at __by hand__
I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

_____
                CARLOS SANCHEZ
                (Signature of officer serving warrant)
                DEPORTATION OFFICER
_____
                (Title of officer serving warrant)

                                        Form I-200 (Rev. 08/01/07)

*17*

U.S. Department of Homeland Security
El Centro Service Processing Center
1115 North Imperial Avenue
El Centro, California 92243



**U.S. Immigration
And Customs
Enforcement**

MARTINEZ-Carbajal, Pedro                                    A23 223 001
C/O: El Centro Service Processing Center
1115 N. Imperial Avenue
El Centro, CA 92243

## Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Customs Enforcement (ICE) and you are required to cooperate with the ICE in effecting your removal from the United States. If the ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody, the ICE will review your case for consideration for release on an Order of Supervision.

Your case is being reviewed to determine whether you may be released from custody. You must demonstrate to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk. You may submit a request to review your file to the district liaison officer no less than five working days prior to your review. An attorney or other person may represent you at no expense to the government. Attached is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

Before making any recommendation or decision to release you, the ICE Director for the San Diego DRO field Office must conclude that:

1. Travel documents are not available, or in the opinion of the ICE, immediate removal, while proper, is otherwise not practicable or not in the public interest;
2. Your are presently a non-violent person;
3. You are likely to remain non-violent if released;
4. You are not likely to pose a threat to the community following release;
5. You are not likely to violate the conditions of release; and
6. You do not pose a significant flight risk if released.

Your custody status will be reviewed on or about: **December 10, 2007** The Director for the San Diego DRO field office may consider, but is not limited to considering the following:

1. The nature and number of disciplinary infractions or incident reports received;
2. Criminal conduct and criminal convictions, including parole and probation violations;
3. Any available psychiatric and psychological reports;





**Notice of File Review Continued:**

4. Evidence of rehabilitation including institutional progress;
5. Favorable factors, including ties to the United States;
6. Prior immigration violations and history;
7. The likelihood that you are a significant flight risk or may abscond to avoid removal;
8. Any other information that is probative of whether you are likely to:
   (i) Adjust to life in a community;
   (ii) Engage in future acts of violence;
   (iii) Engage in future criminal activity;
   (iv) Pose a danger to the safety of yourself or others or property;
   (v) Violate the conditions of your release from immigration custody pending removal.
9. Cooperate in obtaining your travel document.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the officer and address below. Documentation must be in English. The district director will notify you of the decision in your case.

U.S. Department of Homeland Security
**U.S. Immigration and Customs Enforcement**
Attn:   Rene, Reyna
           1115 North Imperial Avenue
           El Centro,  CA 92243



METHOD OF SERVICE

I certify that this form was provided to the alien by:        (Hand)                    (Institution Mail)
( ) CC:  Attorney of Record or Designated Representative
( ) CC:  A-file

_____                    E. Parra                           09/10/07
_____                    _____        _____
Signature of Officer                                   Print Name of Officer                  Date

(Final 10/18/99)

**30-Day Waiting Period Waived by Detainee:**

_____          9-10-07
**Signature**                                         **Date**

DOES NOT WAIVE 30 DAYS

**19**

A23 223 001 _00_ (                 MARTINEZ-Carbajal, Pedro

|  | YES | NO |
|---|---|---|
| **Does the detainee have a place to live in the United States?** | ☐ | ☐ |

**ADDRESS:**
**PHONE #:**
**IN CARE OF:**

|  | YES | NO |
|---|---|---|
| **Is the detainee subject to any parole or probation requirements?** | ☐ | ☐ |

**DATE:**

|  | YES | NO |
|---|---|---|
| **Does the detainee have close family ties within the United States?** | ☐ | ☐ |

**NAME:**
**ADDRESS:**
**PHONE #:**

|  | YES | NO |
|---|---|---|
| **Does the detainee have any community ties or non-governmental sponsors?** | ☐ | ☐ |

**NAME:**
**ADDRESS:**
**PHONE #:**

|  | YES | NO |
|---|---|---|
| **Does the detainee have any employment history?** | ☐ | ☐ |

**What is the detainee's educational level?**

**Does the detainee have any vocational training?**

**CERTIFICATES OR LETTERS:**

*20*

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

☑ Submit passports (current and expired) to the ICE. If you have a copy of your passport, you are to submit it.

☑ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

☑ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

☑ Submit to the ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

☑ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

☑ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

☐ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

☑ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

☑ Provide ICE with written copies of responses from embassies or consulates regarding your requests.

☐ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

☐ Other:_____.

Alien's Signature _Pedson_____    A Number  23 223 001_____

Served by _E. Parra_____ on _09/10/07_ at _ECC_____.
          Officer's Name              Date           Location

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 10/24/02)

**21**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Warning for Failure to Depart**

| Name: | District Office: | File #: |
|---|---|---|
| **MARTINEZ-Carbajal, Pedro** | **SAN DIEGO** | **A#23 223 001** |

Section 243(a) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)    willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)    willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien=s departure,

(C)    connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien=s departure pursuant to such, or

(D)    willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien=s release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*    Section 241(a)(1)(C) provides for the extension of that period of time if the alien refuses, during the detention period, to make application in good faith, for a travel or other document necessary for the alien=s removal or departure or conspires or acts to prevent the alien=s removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| **07/19/83** | **212(a) and 212(a)(20)** |

**Record of Personal Service**

| Served By: (Print Name and Title of Officer) Deportation Officer | | Date: |
|---|---|---|
| **Eugene Parra** | | **09/10/07** |
| Officer's Signature: | Location of Service: | |
| | **El Centro Service Processing Center** | |
| Served On: (Alien's Signature) | | Date 09/10/07 |

| **Warning administered in Court** (Copy of order attached) | **Record of Personal Service (Cont)** |
|---|---|
| **Certified Mail Service** | Fingerprint of Alien  (Specify finger used) |

**Attach certified mail receipts here.**

Form I-229(a)
(Revised 08/20/01)

*22*

**FEDERAL**

**DEFENDERS**

**OF**

**SAN DIEGO,**

**INC.**

The Federal Community
Defender Organization
for the Southern
District of California

November 26, 2007

**VIA FACSIMILE AND MAIL**

Mr. Jesus Reyna
Deportation Officer
U.S. Immigration and Customs Enforcement
2409 La Brucherie Rd. Suite 2
Imperial, CA 92251

      Re:   **Pedro MARTINEZ-CARBAJAL**
              **A23-223-001**

Dear  Officer Reyna:

    I represent Pedro MARTINEZ-CARBAJAL in matters relating to his continued detention in the custody of U.S. Immigration and Customs Enforcement. As Mr. MARTINEZ's attorney, I respectfully request copies of any post-order custody review worksheets prepared in conjunction with his custody reviews. See 8 C.F.R. §§ 292.5, 241.4(d)(2) and (3) (service of custody review documents on alien's representative). I have already forwarded to you a G-28 form which indicates my representation of Mr. MARTINEZ.

    Mr. MARTINEZ respectfully requests that ICE conduct a ninety-day review of his case, per the federal regulations governing his detention. See 8 C.F.R. § 241.4. I have enclosed a separate letter that provides documentation of the reasons for concluding that Mr. MARTINEZ's release from ICE custody will not pose a danger to the community or a risk of flight.

    The instant letter also serves as a request that Mr. MARTINEZ be released from ICE custody upon the expiration of the removal period specified in federal regulations. Mr. MARTINEZ's continued detention without travel documents demonstrates that ICE cannot effectuate his return to Cuba any time in the reasonably foreseeable future. Accordingly, he should be released pursuant to the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Martinez, 543 U.S. 471 (2005), which resolved the issue of indefinite detention in Mr. MARTINEZ's favor.

    Thank you for your time and consideration. Please feel free to contact me if you have any questions or concerns regarding this matter at (619) 234-8467.

NBC Building
225 Broadway
Suite 900
San Diego,
California
92101-5030
**(619) 234-8467**
FAX (619) 687-2666

Sincerely,

**JAMES FIFE**
Attorney
Federal Defenders of San Diego, Inc.

Encs.

**23**

# Federal Defenders

## of San Diego, Inc.

The Federal Community
Defender Organization
for the Southern
District of California

November 26, 2007

**VIA FACSIMILE AND MAIL**

Mr. Jesus Reyna
Deportation Officer
U.S. Immigration and Customs Enforcement
2409 La Brucherie Rd. Suite 2
Imperial, CA 92251

Re:   **Pedro MARTINEZ-CARBAJAL**
       **A23-223-001**

Dear Officer Reyna:

I represent Pedro MARTINEZ-CARBAJAL in matters relating to his continued detention in the custody of U.S. Immigration and Customs Enforcement. On **July 19, 1983**, an immigration judge ordered Mr. MARTINEZ's removal to Cuba. Mr. MARTINEZ was taken into the custody of federal immigration officials on **September 4, 2007**, and his Post Order Custody Review is scheduled to occur on or about **December 4, 2007**. He remains in ICE custody at the El Centro ICE Detention Center.

For the reasons listed below, Mr. MARTINEZ respectfully requests that ICE release him from its detention facility after the completion of the ninety-day review period specified in federal regulations. See 8 C.F.R. § 241.4. Mr. MARTINEZ also respectfully requests release from ICE custody pursuant to the Supreme Court's decisions in Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Martinez, 543 U.S. 371 (2005), because ICE cannot effectuate his return to Cuba in the reasonably foreseeable future.

## Mr. MARTINEZ's General Background and Immigration Status.

Mr. MARTINEZ was born on December 13, 1962, in Isla de Piño, Cuba. In 1980, he came to the United States as part of the *Mariel* boatlift. He was initially held in a refugee camp, but was eventually paroled into the country under the special provisions for *Mariel* refugees.

Mr. MARTINEZ has lived in various parts of the country over the past 20 years, including Washington, Nebraska, and northern California. He has not attended any school in the United States, but has worked as a work-lift driver and was self-employed.

Mr. MARTINEZ is forty-five years old. He was married in 1991 to Melisa Martinez in Seattle, Washington, and they have one U.S. citizen daughter, Debra, who is now 16. Mr. MARTINEZ's wife and daughter currently live in Ogden, Utah. Mr. MARTINEZ's health is a concern for further custody. He suffers from high blood pressure and had a heart attack while in state prison prior to coming to ICE custody.

NBC Building
225 Broadway
Suite 900
San Diego,
California
92101-5030
**(619) 234-8467**
**FAX (619) 687-2666**

**24**

Pedro MARTINEZ-CARBAJAL
Page 2 of 4

   Mr. MARTINEZ was paroled into the United States with I-94 Cuban refugee status. He was ordered removed to Cuba in 1983. However, **ICE cannot obtain travel documents for Mr. MARTINEZ,** as Cuba categorically refuses to accept *Mariel* refugees for repatriation. Thus, it is a certainty that ICE will not be able to remove Mr. MARTINEZ to his destination by the end of the 90-day removal period.

## Mr. MARTINEZ Will Not Flee If Released from ICE Custody. [8 C.F.R. § 241.4(e)(6)]

   Mr. MARTINEZ's long-term residence in the United States indicates he has adapted fully to life in this country. He has supportive relationships among his acquaintances, who stand ready to provide assistance upon Mr. MARTINEZ's release. He has promises of employment on release from ICE custody. These factors demonstrate that he **would not pose a significant flight risk** if released from ICE custody on appropriate conditions of supervision. See 8 C.F.R. § 241.4(e)(6).

   Mr. MARTINEZ has never sought to avoid removal by absconding or failed to appear for immigration or criminal proceedings. As removal to Cuba is so unlikely, Mr. MARTINEZ would not pose a significant risk of absconding from ICE supervision. See 8 C.F.R. § 241.4(f)(7).

   Mr. MARTINEZ's long residence and work history in this country shows he is able to adjust to life in the United States upon release. See 8 C.F.R. § 241.4(f)(8)(i). The letters of support attest to Mr. MARTINEZ's reliability and consideration. See Appendices A and B attached hereto. Their testimony support the view that flight beyond ICE control is not a factor in this case. See 8 C.F.R. § 241.4(f)(5).

   On release from ICE custody, Mr. MARTINEZ will already have an offer of employment available to him. See Appendix A. The Tolberts of Redding, California, indicate they have employed Mr. MARTINEZ in the past and found him very diligent and hard-working, and they offer to employ him again for part-time work.

   Moreover, Mr. MARTINEZ has initiated contact with the Salvation Army, seeking placement in their drug rehabilitation program in Sacramento. See Appendix C attached hereto. Mr. MARTINEZ regrets the time he has wasted in the past due to his criminal record, and recognizes that his misconduct derives from his history of substance abuse. Desiring to reverse course, Mr. MARTINEZ has sought out on his own a placement to help him deal with his drug problem as the first step toward a new life.

   Also, Mr. MARTINEZ's health condition makes flight unlikely. He has suffered a heart attack and has hypertension, which requires continuous medication. The state of his health indicates he would not be a significant flight risk, and shows as well that release on supervision is warranted to avoid the serious aggravating circumstances to his health from prolonged custody.

   Because Mr. MARTINEZ has prospects for employment and for obtaining assistance in dealing with the underlying problems leading to his re-offending, he is not a significant flight risk if released from ICE custody.

25

Pedro MARTINEZ-CARBAJAL
Page 3 of 4

### Mr. MARTINEZ Will Not Pose a Danger to the Community If Released from the Custody of Federal Immigration Officials. [8 C.F.R. § 241.4(e)(2), (3), (4)]

Mr. MARTINEZ cannot be considered a danger to himself or others and **is not likely to pose a threat to the community following release.** See 8 C.F.R. § 241.4(e)(4); (f)(8)(iv). The evidence shows Mr. MARTINEZ is not presently a violent person and is likely to remain nonviolent. See 8 C.F.R. § 241.4(e)(2) and (3); (f)(8)(ii).

Mr. MARTINEZ's criminal history consists primarily of low-level, misdemeanor theft offenses, associated with drug offenses. Inasmuch as Mr. MARTINEZ is voluntarily seeking placement with the Salvation Army in its drug rehabilitation program, his likelihood of re-offending is much reduced. If he can get the help he needs for the substance abuse problem, the impetus for his property crimes can be eliminated.

Mr. MARTINEZ has a misdemeanor assault conviction from 20 years ago, and had an aggravated assault conviction while in prison nearly ten years ago. This record does not demonstrate any *pattern* of violence such that he can be considered presently violent. More recently, while in custody of the state and ICE, **he has had no disciplinary write-ups.** His generally good institutional behavior show likelihood of compliance on supervision. See 8 C.F.R. § 241.4(f)(1) & (4).

### Mr. MARTINEZ Is Not Likely to Violate the Conditions of Release. [8 C.F.R. § 241.4(e)(5), (f)(8)(v)]

Mr. MARTINEZ's record shows willingness to comply with the restrictions placed on him, and he is **unlikely to violate the conditions of release.**

During his time in ICE custody, Mr. MARTINEZ has had no disciplinary infractions. Thus, his record shows willing compliance with rules, and therefore he is likely to comply fully on supervision. See 8 C.F.R. § 241.4(f)(1) and (8)(v).

As he was paroled into the United States as an I-94 refugee, Mr. MARTINEZ has not violated the immigration laws. See 8 C.F.R. § 241.4(f)(6).

### Mr. MARTINEZ's Repatriation to Cuba Is Not Likely in the Reasonably Foreseeable Future. [8 C.F.R. § 241.4(e)(1)]

In Zadvydas, the Supreme Court prohibited an alien's continued confinement in immigration custody beyond a six-month period when there is no significant likelihood of the person's removal to his or her native country "in the reasonably foreseeable future." See Zadvydas, 533 U.S. at 701. In Martinez, the Supreme Court held that the Zadvydas principles were equally applicable to the specific circumstances of indefinitely detained *Mariel* refugees. See 543 U.S. at 385-86. Mr. MARTINEZ has not received permission to return to Cuba, **nor is repatriation likely in the reasonably foreseeable future.**

The United States cannot obtain travel documents from Cuba, and this is reflected in the fact that no such permission to repatriate Mr. MARTINEZ has been obtained despite over 24 years of ICE efforts to do so. This perennial lack of success is due to the **absence of a repatriation agreement between the two countries.** The unavailability of travel documents is a significant factor in determining whether release of a deportable



Pedro MARTINEZ-CARBAJAL
Page 4 of 4

alien is warranted at the expiration of the post-order removal period. See 8 C.F.R. §
241.4(e)(1) (declaring that the unavailability of travel documents is a significant factor
in determining whether a deportable alien may be released from ICE custody); see also
Ma v. Ashcroft, 257 F.3d 1095, 1112 (9th Cir. 2001) (holding that an alien must be
released "at the end of the presumptively reasonable detention period" when "there is no
repatriation agreement and no demonstration of a reasonable likelihood that one will be
entered into in the near future.").

   Since the Cuban government does not intend to issue travel documents for
Mr. MARTINEZ, like other Cuban nationals similarly situated, ICE cannot further
detain him, due to the **certainty that ICE will not receive removal authorization on
his behalf.** See 8 C.F.R. § 241.4(g) (permitting continuation of detention if "receipt of
a travel document is likely"). Nor would any special circumstances justify
Mr. MARTINEZ's continued detention beyond the removal period. See § 241.14
(authorizing continued detention "on account of special circumstances" when found by
order of IJ following professional examination).

   For the above reasons, Mr. MARTINEZ should be released from custody,
because he is neither a danger to the community nor a significant risk of flight.
Furthermore, ICE cannot effectuate his removal to Cuba in the reasonably foreseeable
future. Therefore, no justification remains for detaining him past the removal period.

   Thank you for your time and consideration. Please do not hesitate to contact me
if you have any questions or concerns about this correspondence.

                                        Sincerely,

                                        JAMES FIFE
                                        Attorney
                                        Federal Defenders of San Diego, Inc.

Attachs.

**27**

*ice of Detention and Removal Operations*
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, CA 92101



**U.S. Immigration
and Customs
Enforcement**

MARTINEZ Carbajal, Pedro
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You have been convicted of a Lewd Act Upon a Child, for which you were incarcerated for a period of two years in State Prison. You were then brought into ICE custody due to this new conviction. You have ordered removed by an Immigration Judge. Based on your conviction you are deemed an extreme threat and danger to the community pursuant to 8CFR 241.14.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by February 04, 2008, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

Robert Culley, (A) Field Office Director, San Diego, CA          Date 11/30/7

28

Decision of Post Order Custody Review – Detain
A23 223 001  MARTINEZ Carbajal, Pedro
Page 2

---

### PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _Jesus R. Reyna_____, _D.O._____,
          Name of ICE Officer                                Title

certify that I served _Martinez Carbajal, Pedro_____ with a copy of
                            Name of detainee

this document at __ECC/SPC_____ on _12/11/07_, at _1217 hrs._.
                        Institution                  Date              Time

(b)    I certify that I served the custodian _____,
                                                      Name of Official

_____, at _____, on
        Title                                    Institution

_____ with a copy of this document.
        Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, _____, certify
        Name of ICE Officer                          Title

that I served _____ and the custodian _____
                  Name of detainee                          Name of Official

with a copy of this document by certified mail at _____ on _____.
                                                          Institution                  Date

_Pedro Martinez_

( ) cc:  Attorney of Record or Designated Representative
( ) cc:  A-File

**29**

## ICE Staff Routing Sheet

| TO:<br>Robin F. Baker, FOD | THRU:<br>Official Channels | SUSPENSE DATE: |
|---|---|---|

**SUBJECT:**
**Post Order Custody Review**

**EXECUTIVE SUMMARY:**

1. **Purpose.** Post Order Custody Review

2. **Discussion.**

**Recommendation. Detain:** MARTINEZ Carbajal, Pedro (A23 223 001)

### CONCURRENCES

| NAME | OFFICE | SIGNATURE | DATE | COMMENTS |
|---|---|---|---|---|
| Luz T. Amarillas, SDO<br>ECC/SPC | ECC | | 11/27/07 | Concur Detain |
| Miguel M. Munoz,<br>AOIC, (ECC/SPC) | ECC | | 11/27/2007 | Concur |
| Robert G. Rillamas,<br>AFOD (ECC/SPC) | ECC | R+ G. Rillamas | 11/27/07 | Concur |
| Robert Culley,<br>(A) FOD, San Diego, CA. | SND | | 11/30/07 | Detain |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| ACTION OFFICER/OFFICE/EXTENSION: J. Reyna | DATE: 11/26/2007 |
|---|---|

30

# POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:**     **MARTINEZ Carbajal, Pedro**

**AKA(s):**

**Date of Birth:**     December 13, 1962     **A Number:**    23 223 001

**Place of Birth:**    La Havana          **Nationality:**   Cuba

**Date of Last Arrival:** 06/04/1980      **Place of Arrival:**     Miami, FL.

**Status at Last Entry:** Refugee      **Last Date into ICE Custody:**  September 04, 2007

**Entered ICE Custody from:**     ☒   **Local, State, or Federal Institution**
                **Institution Name/Location:** Calipatria State Prison
                **BOP/ Institution Numbers:** D57614
                ☐   **Other:**

**Deportation Case Officer:**   E. Parra          **Review Date:** November 26, 2007
    **Contact Phone #:**     (760) 336-4663

**DCO: ECC**
**Detained Location:**  El Centro Service Processing Facility, 1115 Imperial Ave, El Centro, CA

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**     ☐      Section 237 (a) (2)(A)(iii)
                ☒      Section 212 (a) (9) & (20)
                ☐      Section 241 (a)

☒ Under <u>Final Order</u> dated 07/19/1983: By ☒ IJ     ☐ BIA:     ☐ Other:

☒ Appeal Waived/Appeal Time Elapsed

Habeas filed:  ☒ No     ☐ Yes

Stay Issued in Case: ☒ No     ☐ Yes

## Legal Representative / Attorney

**G-28 Filed:**     ☐ Yes     ☒ No

**Notification of Review Made:** ☐ No     ☒ Yes  **By:** E. Parra (Deportation Officer)

**Name of Representative / Attorney:**
**Mailing Address:**          **Telephone Number:**

**Present during interview:**     ☐ Yes☐ No

*31*

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.))

On June 04, 1980, Mr. Martinez was admitted through Key West, FL. as a refugee. On July 19, 1983, he was ordered removed by an Immigration Judge. All appeals were waived and the order became final. On August 21, 1984, Mr. Martinez was paroled into the United States and released from custody. On December 7, 1985, Mr. Martinez departed the United States and entered the country of Mexico. Later on that day he approached the San Ysidro, California Port of Entry and requested to be admitted into the United States. His request was denied and he was sent back to Mexico. He then entered the United States illegally and was apprehended by the Chula Vista, California Border Patrol. He was then paroled and allowed to once again live in the United States. On September 04, 2007, Mr. Martinez entered into ICE custody once again after having been convicted of a Lewd Act Upon a Child. Mr. Martinez is now waiting for a Post Order Custody Review.

**NCIC Checks:**        ☒ Criminal History        ☐ No record Found
                            (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

On November 18, 1985, subject was convicted in the Superior Court of California, County of Riverside, for Possession of Narcotic Control Substance and Carrying a Concealed Weapon on Person in violation of Sections 11350 & 459 of the California Health and Safety, Penal Code. For this offense, he was sentenced to twenty four months probation.

On June 24, 1987, subject was convicted in the Superior Court of California, County of Riverside, for Possession of a Narcotic Controlled Substance in violation of Section 11350 of the California Health and Safety Penal Code. For this offense, he was sentenced to sixteen months in state prison.

In the year 1987, while in jail Mr. Martinez escaped and was later apprehended and sentenced to 366 days in state prison.

On October 17, 2006, subject was convicted in the Superior Court of California, County of Siskiyou, for Lewd Act Upon a Child in violation of Section 288 ( c )(1) of the California Penal Code. For this offense, he was sentenced to two years in state prison.

(Please see arrest record)

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

*32*

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**    ☒ Yes    ☐ No

    If Yes, List & Describe: Subject escaped from jail and later apprehended.

    Source: Criminal rap sheet.

**Disciplinary reports and incidents while in ICE Custody?**    ☐ Yes    ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

**Date of File Review**: November 26, 2007

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer**: #1: Jesus Reyna (Deportation Officer)

        #2:

**Interpreter Used:** (If subject was interviewed)    ☐ Yes    ☒ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

> The review conducted on today's date is a file review pursuant to the permanent custody review procedures published in the Federal Register on December 21, 2000. Therefore, a personal interview was not conducted.

*33*

**Travel Document Status/History:**

| List aliens attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal, and date of service of I-229(a) and Instruction Sheet to Detainee): |
|---|

Mr. Martinez is from the country of Cuba, a country with whom we do not have any diplomatic relations with. Therefore, a travel document is not likely to be issued in the near future.

On September 10, 2007, form I-229 (a) was served on Mr. Martinez.

| List ICE's attempts to obtain a travel document and status: |
|---|

At present time, the United States does not have diplomatic relations with the country of Cuba. A travel document is not likely to be issued in the near future.

*34*

**Does the detainee have a place to live in the United States?**    ☒ Yes    ☐ No
The Salvation Army
1615 D Street
Sacramento, CA. 95814  Tel: (916) 441-5267

**Is the detainee subject to any parole or probation requirements?**    ☒ Yes    ☐ No
Mr. Martinez is subject to Parole requirements in Redding, CA.

**Does the detainee have close family ties within the United States?**    ☐ Yes    ☒ No
Mr. Martinez has not provided any documentation.

**Does the detainee have community ties or non-governmental sponsors?**    ☒ Yes    ☐ No
Mr. Martinez has provided two letters.  One from a Pastor at a Christian
Church and the other from an elderly couple who has employed him in the
past.  Both show their support if he is released from ICE custody.

**Does the detainee have any employment prospects?**    ☒ Yes    ☐ No
Mr. Martinez has provided a letter from one Ms. Gladys Tolbert who
has employed him in the past and are willing to re-employ him if released
from ICE custody.

**What is the detainee's employment history?**
Mr. Martinez has previously worked for the Tolbert family as a gardener and handyman for their
family business.

**What is the detainee's educational level?**
Mr. Martinez has the equivalent of a High School education back in Cuba.

**Does the detainee have any vocational training?**    ☐ Yes    ☒ No
Mr. Martinez has not provided any documentation.

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
Mr. Martinez has not provided any documentation.


## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**    ☐ Yes    ☒ No

**Description (to include Date and Source):**

*35*

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

Mr. Martinez has provided a number of letters, showing where he might possibly live, work and rehabilitate himself.

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☐ No        ☒ Yes (indicate below):

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☒ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

*36*

## Officer Comments/Analysis & Recommendation

I Officer Reyna have reviewed Mr. Martinez's file and history and have considered the following determining factors. Mr. Martinez was paroled into the United States through Key West, Florida as a refugee, on June 04, 1980. On July 19, 1983, he was ordered removed by an Immigration Judge. All appeals were waived and the order became final. On August 21, 1984, Mr. Martinez was paroled into the United States and released from custody. On December 7, 1985, Mr. Martinez departed the United States and entered the country of Mexico. Later on that day he approached the San Ysidro, California Port of Entry and requested to be admitted into the United States. His request was denied and he was sent back to Mexico. He then entered the United States illegally and was apprehended by the Chula Vista, California Border Patrol. He was then paroled and allowed to once again live in the United States. On September 04, 2007, Mr. Martinez entered into ICE custody once again after having been convicted of a Lewd Act Upon a Child.

Mr. Martinez has an extensive criminal record. He has been convicted of numerous drug offenses. He has been in prison for most of the time that he has been in the United States. While incarcerated, he has violated rules and policies that govern those institutions. He has assaults on staff and inmates and one attempted escape from a jail. His last conviction of Lewd Act Upon a Child occurred on October 17, 2006, for which he was incarcerated for a period of two years in State Prison. Mr. Martinez was brought into ICE custody due to this new conviction. Mr. Martinez has been ordered removed by an Immigration Judge. However, he is from the country of Cuba, a country with whom the United States has no diplomatic relations with.

Mr. Martinez has not established close family ties to the United States. He does not have any family members in this country. He has advised that his entire family is in the country of Cuba. He has provided letters from various people that render support for his release. Mr. Martinez has been accepted into a program given by The Salvation Army who mainly focuses on indigent people, helping them cope with alcohol and drug related issues. They offer living quarters for six to twelve months depending on the progress of their rehabilitation. However, he has been convicted of a number of offenses. The most serious being his last conviction of Lewd Act Upon a Child for which he was sentenced to two years in State Prison. Based on his criminal record, he is deemed an extreme danger and threat to the community pursuant to 8 CFR 241.14. Therefore, it is in the best interest of the Agency to deny his release and have him remain on continued detention until other arrangements are agreed upon, removal being the most favorable one.

| | |
|---|---|
| Jesus R. Reyna<br>Deportation Officer | Date: 11/26/07<br>Signature: |
| Luz T. Amarillas, Supervisory Detention &<br>Deportation Officer for ECC/SPC | Date: 11/27/07<br>Signature: |
| Miguel M. Munoz, AOIC for<br>ECC/SPC | Date: 11/27/2007<br>Signature: |
| Robert G. Rillamas,<br>AFOD for ECC/SPC | Date: 11/27/2007<br>Signature: R.t. G. Rillamas |



## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐    CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☑    CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office: SND

_____       11/30/7

Robert Culley, Deputy Field Office Director, San Diego, CA       Date

*38*

# Final Administrative Removal Order

**In removal proceedings under section 238(b) of the Immigration and Nationality Act**

Event No: ECC0802000361

File Number A023223001

Date February 26, 2008

TO: Pedro MARTINEZ-CARBAJAL

Address: 1115 N. IMPERIAL, AVE. EL CENTRO US CA UNITED STATES 92243

(Number, Street, City, State and ZIP Code)

Telephone:

(Area Code and Phone Number)

## ORDER

Based upon the allegations set forth in the Notice of Intent to Issue a Final Administrative Removal Order and evidence contained in the administrative record, I, the undersigned Deciding Officer of the Department of Homeland Security, make the following findings of fact and conclusions of law. I find that you are not a citizen or national of the United States and that you are not lawfully admitted for permanent residence. I further find that you have a final conviction for an aggravated felony as defined in section 101(a)(43)( A ) of the Immigration and Nationality Act (Act) as amended, 8 U.S.C. 1101(a)(43)( A ), and are ineligible for any relief from removal that the Secretary of Homeland Security, may grant in an exercise of discretion. I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii). By the power and authority vested in the Secretary of Homeland Security, and in me as the Secretary's delegate under the laws of the United States, I find you deportable as charged and order that you be removed from the United States to:

CUBA

or to any alternate country prescribed in section 241 of the Act.

JOEL MATA JR

(Signature of Authorized Official)

(A) Assistant Field Office Director

SUPERVISORY DET. AND DEP. OFFICER

(Title of Official)

FEB 2 8 2008            Imperial, CA

(Date and Office Location)

## Certificate of Service

I served this FINAL ADMINISTRATIVE REMOVAL ORDER upon the above named individual.

EL CENTRO, CALIFORNIA                    PERSON

(Date, Time, Place and Manner of Service)

Jesús R. Reyes

DEPORTATION OFFICER

(Signature and Title of Officer)

Form I-851A (Rev. 08/01/07)

**39**

## Notice of Intent to Issue a Final Administrative Removal Order

### In removal proceedings under section 238(b) of the Immigration and Nationality Act

Event No: ECC0802000361

File Number A023223001

To: Pedro MARTINEZ-CARBAJAL

Address: 1115 N. IMPERIAL. AVE. EL CENTRO US CA UNITED STATES 92243
(Number, Street, City, State and ZIP Code)

Telephone:
(Area Code and Phone Number)

Pursuant to section 238(b) of the Immigration and Nationality Act (Act) as amended, 8 U.S.C. 1228(b), the Department of Homeland Security (Department) has determined that you are amenable to administrative removal proceedings. The determination is based on the following allegations:

1.  You are not a citizen or national of the United States.

2.  You are a native of CUBA _____ and a citizen of CUBA _____

3.  You entered the United States (at)(near) KEY WEST, FL _____ on or about June 4,1980 _____

4.  At that time you entered without being admitted or inspected by an Immigration Officer. _____

5.  You are not lawfully admitted for permanent residence.

6.  You were, on _____, convicted in the SEE I-831 _____ Court

    _____ for the offense of _____

    in violation of _____

    for which the term of imprisonment imposed was _____.

### Charge:

You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43)( ᴀ ) of the Act, 8 U.S.C. 1101(a)(43)( ᴀ ).

Based upon section 238(b) of the Act, 8 U.S.C. 1228(b), the Department is serving upon you this NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER ("Notice of Intent") without a hearing before an Immigration Judge.

### Your Rights and Responsibilities:

You may be represented (at no expense to the United States government) by counsel, authorized to practice in this proceeding. If you wish legal advice and cannot afford it, you may contact legal counsel from the list of available free legal services provided to you.

You must respond to the above charges in writing to the Department address provided on the other side of this form within 10 calendar days of service of this notice (or 13 calendar days if service is by mail). **The Department must RECEIVE your response within that time period.**

In your response you may: request, for good cause, an extension of time; rebut the charges stated above (with supporting evidence); request an opportunity to review the government's evidence; admit deportability; designate the country to which you choose to be removed in the event that a final order of removal is issued (which designation the Department will honor only to the extent permitted under section 241of the Act, 8 U.S.C. 1231); and/or, if you fear persecution in any specific country or countries on account of race, religion, nationality, membership in a particular social group, or political opinion or, if you fear torture in any specific country or countries, you may request withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. 1231(b)(3), or withholding/deferral of removal under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Convention Against Torture). A grant of withholding or deferral of removal would prohibit your return to a country or countries where you would be persecuted or tortured, but would not prevent your removal to a safe third country.

You have the right to remain in the United States for 14 calendar days so that you may file a petition for review of this order to the appropriate U.S. Circuit Court of Appeals as provided for in section 242 of the Act, 8 U.S.C. 1252. You may waive your right to remain in the United States for this 14-day period. If you do not file a petition for review within this 14-day period, you will still be allowed to file a petition from outside of the United States so long as that petition is filed with the appropriate U.S. Circuit Court of Appeals within 30 calendar days of the date of your final order of removal.

| LUZ TANORI AMARILLAS / SUP. DETENTION / DEPORTATION OFFICER | El Centro, California | February 26, 2008 |
|---|---|---|
| (Signature and Title of Issuing Officer) | (City and State of Issuance) | (Date and Time) |

Form I-851 (Rev. 08/01/07)



40

U.S. Department of Homeland Security                    Continuation Page for Form ___I851_____

| Alien's Name | File Number | Date |
|---|---|---|
| Pedro MARTINEZ-CARBAJAL | A023223001<br>Event No: ECC0802000361 | February 26, 2008 |

Custom #6
---------
You were, on 10/17/2006, convicted in the Superior Court, County of Siskiyou for the offense
of Lewd Act Upon a Child in violation of Section 288(c)(1) of the California Penal Code.
for which the term of imprisonment was 2 years.

| Signature | Title |
|---|---|
| LUZ TANORI-AMARILLAS | SUP. DETENTION DEPORTATION OFFICER |

Form I-831 Continuation Page (Rev. 08/01/07)

41

## Certificate of Service

**I served this Notice of Intent. I have determined that the person served with this document is the individual named on the other side of the form.**

_Jesus Reyna_ _____  February 26, 2008  Person
DEPORTATION OFFICER
(Signature and Title of Officer)     (Date and Manner of Service)

☒ I explained and/or served this Notice of Intent to the alien in the (Spanish)/English _____ language.

_Jesus Rene Reyna_ _____
(Name of Interpreter)     (Signature of Interpreter)

Location/Employer: El Centro, California

**I Acknowledge that I Have Received this Notice of Intent to Issue a Final Administrative Removal Order.**

_____     2-28-08-07-55
(Signature of Respondent)     (Date and Time)

☐ The alien refused to acknowledge receipt of this document.

_____     _____
(Signature and Title of Officer)     (Date and Time)

---

☐ **I Wish to Contest and/or to Request Withholding of Removal**

☐ I contest my deportability because: *(Attach any supporting documentation)*

   ☐ I am a citizen or national of the United States.
   ☐ I am a lawful permanent resident of the United States.
   ☐ I was not convicted of the criminal offense described in allegation number 6 above.
   ☐ I am attaching documents in support of my rebuttal and request for further review.

☐ I request withholding or deferral of removal to _____ [Name of Country or Countries]:

   ☐ Under section 241(b)(3) of the Act, 8 U.S.C. 1231(b)(3), because I fear persecution on account of my race, religion, nationality, membership in a particular social group, or political opinion in that country or those countries.
   ☐ Under the Convention Against Torture, because I fear torture in that country or those countries.

_____     _____     _____
(Signature of Respondent)     (Printed Name of Respondent)     (Date and Time)

---

☒ **I Do Not Wish to Contest and/or to Request Withholding of Removal**

☒ I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges. I do not wish to request withholding or deferral of removal. I wish to be removed to

_CUBA_ _____

☒ I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right.

_____     _Martinez Carbaja Pedro_     02/28/08   0755 hrs
(Signature of Respondent)     (Printed Name of Respondent)     (Date and Time)

_____     _Jesus R. Reyna_     02/28/08   0755 hrs
(Signature of Witness)     (Printed Name of Witness)     (Date and Time)

---

### RETURN THIS FORM TO:
### Department Of Homeland Security

_____

_____

_____

**ATTENTION:**    The Department office at the above address must **RECEIVE** your response within 10 calendar days from the date of service of this Notice of Intent (13 calendar days if service is by mail).

42

Form I-851 (Rev. 08/01/07)

          A-NUM: 023223001            LAST NAME: MARTINEZ-CARVAJAL
          NATLTY: CUBA                FIRST NAME: PEDRO

COMMENT 1: CENF: 11/26/07, 90-DAY POCR IS COMPLETE, FILE TO SDO FOR SIG
           NATURE AND FORWARD TO FOD FOR FINAL DECISION.

COMMENT 2: CENF: 12/06/07, DECISION TO KEEP DETAINEE ON CONTINUED DET.
           IS GIVEN BY THE FOD. MEMO TO HQCDU IS DUE ON 01/05/07.

COMMENT 3: CENF: 01/28/08, COMPLETE TRAVEL PACKET FOR REPATRIATION IS
           SENT VIA DHL TO N. ALMONTE.

COMMENT 4:


 HIT PF1 OR PF2 TO SEE MORE INFORMATION
 HIT PF4 TO RETURN TO CASE SELECT SCREEN OR ENTER FOR NEXT SCREEN
LAST PAGE DISPLAYED

*43*