KAREN P. HEWITT
United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California State Bar No. 94918
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7119

Attorneys for Federal Respondents

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MARTINEZ-CARBAJAL,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security, et al.,<br><br>Respondents. | No. 08cv0645-WQH (LSP)<br>A23-223-001<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER MOTION FOR APPOINTMENT OF COUNSEL AND STATUS REPORT |

There has been no change of circumstances that would warrant a reconsideration of the Court's denial of appointment of counsel. As the Government has reported to this Court, the Cuban government has agreed to accept the repatriation of Petitioner Martinez. The repatriation flight had been scheduled to take place in June 2008, but is now scheduled to take place in July 2008. [Reyna Declaration, paras. 3-4.]

Petitioner Martinez's attorney Mr. James Fife alleges in his June 16, 2008 Declaration in Lieu of Traverse that he had trouble transmitting a signature page to Martinez, but no such problems have been reported to the undersigned or to Martinez's deportation officer Jesus Reyna. [Id., para. 5.] For example, on May 22, 2008, Mr. Fife requested assistance in transferring medical records to the medical clinic where Martinez is now residing, and such records were transferred the same day as Mr. Fife's request. [Exs. 44-47.]

1  To the extent that Martinez seeks the appointment of counsel to assist him with efforts to prevent his repatriation, this Court lacks jurisdiction over any challenge to a removal order or to the execution of a removal order. <u>See</u> 8 U.S.C. §§ 1252(a)(5), (b)(9), (g). <u>See also</u> 8 U.S.C. §1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien . . . acts to prevent the alien's removal subject to an order of removal.); <u>Pelich v. I.N.S.</u>, 329 F.3d 1057 (9th Cir. 2003) (alien's failure to cooperate authorizes continued detention pending efforts to effect removal).

DATED: June 18, 2008

                                              Respectfully submitted,

                                              KAREN P. HEWITT
                                              United States Attorney

                                              s/ *Samuel W. Bettwy*

                                              SAMUEL W. BETTWY
                                              Assistant U.S. Attorney