ORIGINAL

1  PEDRO MARTINEZ-CARBAJAL[1]
   A23-223-001
2  Krome Detention Center
   18201 SW 12 St.
3  Miami, FL 33194

FILED
2008 JUN 30 PM 3:27
SOUTHERN DISTRICT OF CALIFORNIA
BY _____KMK_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. WILLIAM Q. HAYES)

| | |
|---|---|
| PEDRO MARTINEZ-CARBAJAL,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>Respondents. | Case No. 08CV0645-WQH (LSP)<br><br>REPLY TO GOVERNMENT OPPOSITION TO MOTION TO RECONSIDER MOTION FOR APPOINTMENT OF COUNSEL |

   This Court denied Petitioner's request for appointment of counsel, without prejudice, stating that "Petitioner has clearly presented the facts and law in his Petition for Writ of Habeas Corpus."  Much has changed since that point.

   Respondents filed their Return on May 19, 2008, alleging Petitioner would be removed during the month of June.  Return at 1.  Respondents suggested as well that the Petition was not brought in good faith and was aimed at delaying removal.  Return at 1, 3-5.  Nonetheless, in addition to calling for the Petition to be denied, Respondents ask in the alternative that the Court retain jurisdiction and conduct a status conference in early July.  Return at 5.

---

[1] The Petitioner, whom Respondents have moved out of district, is filing the instant request for appointment of counsel with the assistance of James Fife and the Federal Defenders of San Diego, Inc., who drafted the instant motion.

1

In early May 2008, ICE transferred Petitioner out of district to a detention facility in Florida. Return at 2. He remains in Respondents' custody at the Krome Detention Center in Miami, Florida.

Petitioner filed a Motion to Reconsider Appointment of Counsel on June 6, 2008, in which he noted that the transfer out of district erected onerous and unfair barriers to his pursuing his Petition without the assistance of counsel, who could make a full and timely response to the Government's allegations.

Petitioner's Traverse was due on June 16, 2008. Because of the mail delays in Petitioner receiving and returning the signature pages to file his Traverse, counsel filed a Declaration in Lieu of a Traverse, noting again that the transfer and attendant delays made Petitioner's effective participation in this proceeding virtually impossible. Appointment of counsel was necessary to ensure Petitioner's rights to due process were not trampled on by the Government engaging in a one-sided exchange with the Court, with no practical means of Petitioner's participation without local counsel.

Adding now to the mass of virtually *ex parte*, legal discussion to which Petitioner is unable to respond in a timely fashion, Respondents have filed an Opposition to the Motion to Reconsider in which they inconsistently argue "no change of circumstances" since the previous denial of appointment which would require appointment of counsel. And yet they go on to note that their own assertion in the Return that removal would occur during June was incorrect and that removal "is now scheduled to take place in July 2008." Response at 1. Their evidence is second-hand (or perhaps third- or fourth-hand) information presented in a declaration from a deportation officer in El Centro.

Such incremental delays in removal is precisely what Petitioner feared would occur and why he argued that this Court must still reach the merits of the Petition and determine whether he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner's concern is that Respondents will seek to justify continuing his already excessive detention on the basis of short, incremental delays, claiming repeatedly that removal is just around the next corner. In this particular case, ICE's original assertion that Petitioner would be removed in April has been moved back to June and now to July. Given the forty-year history of refusal to repatriate by the Cuban government and the still-unexplained parameters for acceptance of deportees, which Petitioner has reason to believe is restricted to a class of Cubans to which he does not belong (those apprehended on the high seas), the possibility is high that Petitioner will remain in custody despite good reason to believe his removal is not significantly likely in the reasonably foreseeable future, in violation of

1 Zadvydas.

2    Not only does Respondents' latest filing add concrete support to the fear of prolonged future
3 detention, but it also asserts meritless points in opposition to the Motion to Reconsider. Respondents dispute
4 counsel's claim that shuttling drafts of pleadings back and forth between San Diego and the detention center
5 in Florida results in delay and inefficiency in responding in a full and timely fashion to developments in this
6 case. Response at 1. As evidence, they point to their cooperation (on request of counsel) in seeing that
7 Petitioner's medical records were sent to his new facility. While Mr. Martinez is grateful for the assistance
8 in seeing the records were transferred, so that he did not succumb in custody after the ICE officials in Florida
9 refused to provide him with medications for his long-standing and serious heart condition without proof that
10 he needed them, the emergency transfer of ICE records to avoid fatal withdrawal of medicines does not solve
11 the problem of expeditious *legal* communication between Petitioner and counsel. Unless Respondents are
12 offering to provide express delivery of communications via official channels on a regular basis, their reference
13 to the humanitarian effort to transfer the medical records has no bearing on the present unsatisfactory state
14 of communication on a less-than-life-threatening basis. Nor does it make sense that counsel should have
15 contacted a deportation officer in El Centro, because there was a (not usual) delay in the mail delivery in
16 Florida. In the end, counsel was able to secure the good offices of an attorney in Florida to visit Petitioner
17 in detention and obtain the signature page from him to fax to counsel, but the attorney was unable to do so
18 before the Traverse in this case was due.

19    Respondents also oppose appointment of counsel, because it fears Petitioner is seeking to overturn
20 his removal order, claiming that such an action would constitute willful obstruction under Pelich v. INS, 329
21 F.3d 1057 (9th Cir. 2003). Response at 2. It is amazing that Respondents can assert Petitioner or counsel is
22 seeking to challenge the removal, when Respondents know that Petitioner just this February–on advice of
23 counsel–signed a stipulated final removal order when ICE reported his entire A-file was missing, and they
24 could not substantiate that he had been legally ordered removed. Had Petitioner sought to engage in
25 prolonged stall tactics, he would have refused to sign the stipulation and forced ICE to conduct a new removal
26 hearing, with the possibility of raising claims for relief and then pursing appeals if denied. Asking the Court
27 to continue to monitor the claim of removal and to grant release if ICE's claims of imminent removal prove
28 false, as they now appear to be, is not an act of obstruction. Respondents make the Pelich obstruction charge

so freely that one may expect soon their arguing merely filing a § 2241 petition under Zadvydas is an act of wilful obstruction.

Mr. Martinez is a Mariel Cuban. For decades, Cuba has adamantly refused to repatriate him and others similarly situated. Now, without providing any documentary basis to confirm their claims or any details on the scope and parameters of who will be accepted, on what conditions, and on what time-table, Respondents seek to extend Petitioner's already prolonged detention, perhaps indefinitely, by simply making derivative, unsupported assertions his removal is imminent. Respondents have made wildly optimistic assertions about removability in Zadvydas cases in the past; given a solid history of refusal from Cuba, this Court has good cause for skepticism about such sanguine claims.

Petitioner asks this Court to continue to monitor the progress of his removal, inquire into the actual parameters of the Cuban repatriation scheme to determine whether there is indeed any significantly likelihood of removal in a reasonable time, and perhaps set a reasonable deadline for removal, after which Respondents must release Petitioner under Zadvydas and Clark v. Martinez, 543 U.S. 371 (2005). Also, the Court should grant the Motion to Reconsider and order counsel appointed so that this case can be meaningfully and fairly litigated to achieve a just result.

Respectfully submitted,

Dated: June 30, 2008

PEDRO MARTINEZ-CARBAJAL
Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MARTINEZ-CARBAJAL, [A23-223-001]<br><br>Plaintiff,<br><br>sv.<br><br>MICHAEL CHERTOFF, et al.,<br><br>Defendant. | Case No. 08CV0645-WQH (LSP)<br><br>PROOF OF SERVICE |

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 225 Broadway, Suite 900, San Diego, California, 92101;

3) That I served the within **REPLY TO GOVERNMENT OPPOSITION TO MOTION TO RECONSIDER MOTION FOR APPOINTMENT OF COUNSEL,** placing a true copy of the above-mentioned document in the United States mail on June 30, 2008, to:

**Samuel Bettwy**
U S Attorneys Office Southern District of California
Civil Division
880 Front Street
Suite 6253
San Diego, CA 92101

I certify under the laws of the State of California that the foregoing is true and correct. Executed on 30 June 2008 at San Diego, California.

SYLVIA FREEMAN